HEARD NOVEMBER TERM, 1877.

## ZIMMERMAN *vs*. AMAKER.

In an action to recover damages for waste committed upon the land by defendant as plaintiff's tenants, the answer alleged that the land was purchased by one of the defendants, and in part paid for by him for himself and his wife, and that title was to be taken in the name of the plaintiff for their benefit, and with a distinct understanding that a conveyance should be made in a manner therein set forth. The answer then prayed that the plaintiff be charged as trustee and be compelled to convey as he had agreed: *Held*, That the answer stated a good equitable defense to the action, and could not, therefore, be struck out as insufficient and irresponsive to the complaint.

An objection that an answer is not responsive to the complaint cannot be taken under the Code.

Applications to amend an answer before trial should, it seems, be allowed where the nature of the amendment is such as the Code permits.

BEFORE REED, J., AT ORANGEBURG, MAY, 1876.

Action by Thomas H. Zimmerman against A. Perry Amaker and others, to recover damages for waste alleged to have been committed by the defendants as tenants of the plaintiff and to restrain them from the further commission of waste. The case is stated in the opinion of the Court.

The defendants appealed.

*Knowlton, Izlar & Dibble,* for appellants:

The Court below erred in granting the plaintiff's motion.

1. The answer of A. Perry Amaker, executor of Ann Augusta Amaker, presents a complete equitable defense to the complaint.

Subdivisions 1 and 2 of Section 172 of the Code of Procedure are in the disjunctive, and an answer is good which meets the requirements of either.

Subdivision 2 of said Section requires that the answer contain "a statement of any new matter constituting a defense or counter claim." By Section 173 of the Code it is provided that "the defendant may set forth by answer as many defenses and counter claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

An answer is sufficient if it constitute a defense or counter claim to so much of the complaint as it professes to answer.—*McKyring* vs. *Bull,* 16 N. Y., 309; *Allen* vs. *Haskins,* 5 Duer, 332.

The answer alleges facts constituting a good cause of action for specific performance, and it was as erroneous to dismiss the an-

swer upon the pleadings as to similarly dismiss a complaint alleging a similar cause of action.—*Hubble* vs. *Courtenay,* 5 S. C., 87, and cases. cited.

The answers of the infant defendants were formal, submitting their interests to the protection of the Court. Such an answer is sufficient in form and substance, is equivalent to a general denial, and entitles the infant to any and every defense which may appear upon the hearing of the case. Even though the guardian neglects to claim interests to which the infants are entitled, the Court will decree it.—*Stephens* vs. *Van Buren,* 1 Paige, 479.

And where there are infant defendants the facts which entitle plaintiff to judgment must be established against them by legal proof. Neither the guardian *ad litem* or any other person has power to waive this proof.—*Litchfield* vs. *Burwell,* 5 How. Pr., 341; *Spencer* vs. *Bank,* Bail. Eq., 468.

It is erroneous to decree against infants without proof, on the admission of their guardian *ad litem.*—*Taylor* vs. *Parker,* 1 Smith, 225.

Where an infant was a party defendant and testified against his interest at request of his codefendants, and against the advice of his guardian *ad litem,* his testimony was suppressed by the Court on the ground that a Court of equity is bound to protect infants against their own immature judgments and improvident conduct.— *Moore* vs. *Moore,* 4 Sandf. Ch., 37.

In equity, against an infant, nothing can be admitted, but everything must be proved.—*Hilt* vs. *Ormsbee,* 12 Ill., 166.

The necessity of establishing the case as stated in the pleadings is not obviated by making the infant a plaintiff.—*Benson* vs. *Wright,* 4 Md. Ch. Decs., 278.

In a suit against infant defendants for the recovery of lands which have regularly descended to them, nothing will be taken as admitted, but complete proof will be required against them.—*Tuttle* vs. *Garrett,* 16 Ill., 354; *Cost* vs. *Rose,* 17 Ill., 276.

In equity proceedings against infants full proof is necessary, which must appear on the record, notwithstanding any answer made in the suit by the guardian *ad litem.*—*Carr* vs. *Fielden,* 18 Ill., 77; Adams' Eq., 363; 3 Green. Ev., § 278.

The Court erred in holding that the case was not one where an amendment was allowable, and in refusing to hold that as a matter of law the Court had the power to grant the motion to amend.— Code, §§ 192–200; *Bull* vs. *Lambson,* 5 S. C., 288.

A plaintiff is not permitted to reply to an answer, to go into Court upon the issues thus raised, and then summarily dismiss the answer and take judgment. If he considers the answer insufficient in point of law, he must demur; if he considers it sham, false or frivolous, he must move regularly for judgment, upon notice.— Code, §§ 174, 175, 270.

*De Treville, Glover & Glover*, contra.

April 29, 1878. The opinion of the Court was delivered by

WILLARD, C. J. The Circuit Court struck out the answer of the defendants as "insufficient and irresponsive to the complaint." An order setting aside the order of the Circuit Court has already been entered, and it only remains for us to state the grounds on which that order was based.

The answer was undoubtedly sufficient. The action was against the defendants as tenants of the plaintiff to recover damages for waste and contained a prayer for an injunction to stay waste. The answer alleged that the lands were purchased and in part paid for by the defendant, A. B. Amaker, for himself and his wife, and that title was to be taken in the name of the plaintiff for the benefit of the defendants, and with the distinct understanding that a conveyance should be made by the plaintiff in the manner stated in the answer. The answer prayed that the plaintiff be charged as trustee and compelled to convey as he had agreed. The cause was at issue as to the facts alleged and denied by the parties respectively.

The matter of the answer constituted an equitable defense to the action and ground for affirmative equitable relief. Such a defense is proper under the Code and cannot be stricken out.

The objection that the answer was not responsive to the complaint cannot be taken under the Code. If a defendant fails to deny any matter of fact charged by the complaint and material to the case, the only effect is that the charge of the complaint as to such matter stands admitted by answer.—Code, § 191. In this respect an answer under the Code differs from an answer to a bill in equity under the former practice, where the complainant could gain no advantage by the silence of the defendant, and, therefore, had a right to put him to his answer as to all matters alleged by the bill of complaint and material to the case.

As there was no ground for striking out the answer, it is not material to the present case to consider the refusal of the Court to allow an amendment; but as the course pursued by the Court was entirely inconsistent with the rule as to amendments under the Code, it should not pass unnoticed. Applications to amend before trial, made in good faith, should be allowed where the nature of the amendment is such as the Code permits. The Court in such cases cannot arbitrarily refuse the amendment, but may impose reasonable terms to compensate any injury that may result to the opposite party from the allowance of such amendment.—*Ahrens* vs. *State Bank*, 3 S. C., 410.

In the present case no ground for refusing the amendment is stated. When an amendment is refused, the ground of such refusal should appear, so that this Court may judge of its sufficiency in point of law.

*McIver*, A. J., and *Haskell*, A. J., concurred.

————◆◆◆————

HEARD NOVEMBER TERM, 1877.